### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### BALTIMORE DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**  )<br>George H. Fallon Federal Building  )<br>31 Hopkins Plaza, Suite 1432  )<br>Baltimore, MD  21201,  )<br>  )<br>**Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>**Ecology Services Inc.,**  )<br>9135 Guilford Road, Suite 200  )<br>Columbia, MD 21046  )<br>  )<br>**Defendant.**  )<br>  ) | Civil Action No.<br><br><br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Kristen Hamilton (Hamilton) who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Ecology Services, Inc. ("Ecology Services") unlawfully discriminated against Hamilton by sexually harassing and constructively discharging her.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4. At all relevant times, Defendant Ecology Services has continuously been a Maryland Corporation with at least fifteen (15) employees doing business within Columbia, Maryland and, performs curbside trash and recycling collection as well as other environmental services.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b)(g), and (h).

6. At all relevant times, Defendant employed Hamilton within the meaning of Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Hamilton filed a charge with the Commission alleging violations of Title VII by Defendant.

8. On January 23, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with

the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On March 7, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

13. Since at least May 2016, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a)(l) by subjecting Hamilton to sexual harassment and constructively discharging her.

  a. Beginning on May 25, 2016, Hamilton worked for Defendant as a residential garbage truck driver.

  b. Defendant frequently assigned Hamilton to work with helper Carlos Arturo Paz ("Paz").

  c. Beginning in May of 2016, Paz made frequent sexual comments and gestures to Hamilton; forcibly smacked and grabbed her buttocks; grabbed her breasts; and forced her to touch his genitals, all of which was unwelcomed.

  d. Hamilton complained to her supervisor about Paz's harassment, but Paz continued to engage in the harassing behavior outlined in paragraph 13(c). Defendant continued to assign Hamilton to work with Paz.

  e. Paz's behavior was intolerable; and on or about November 7, 2016, Hamilton was constructively discharged.

14. The effect of the practices complained of above in Paragraph 13 has been to deprive Hamilton of equal employment opportunities and otherwise adversely affect her status as an employee because of her engaging in protected activity.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Hamilton.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment;

B. Order Defendant to institute and carry out policies, practices, and programs which prevent sexual harassment;

C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not tolerate sexual harassment;

D. Order Defendant to make Hamilton whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to

eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

E.     Order Defendant to make Hamilton whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above;

F.     Order Defendant to make Hamilton whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

G.     Order Defendant to pay Hamilton punitive damages for its callous indifference to her federally protected right to be free from sexual harassment;

I.     Grant such further relief as the Court deems necessary and proper in the public interest; and

J.     Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Respectfully submitted,


JAMES L. LEE
Acting General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel

    /S
_____
DEBRA M. LAWRENCE
Regional Attorney

5

/S

_____

MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

/S

_____

ERIC S. THOMPSON
Trial Attorney


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2232
Fax: (410) 962-4270